■ In the Matter of VINSUE CORPORATION, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents.—Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered November 30, 1989, which dismissed petitioner's CPLR article 78 petition challenging an order issued by respondent Deputy Commissioner, unanimously affirmed, without costs.

In March 1984, respondent tenant filed a rent overcharge complaint with the Conciliation and Appeals Board (CAB). Pursuant to the applicable law and regulations, the CAB required the owner of the building to submit a complete rent history of the apartment dating back to when the apartment became subject to rent stabilization. Since the owner was unable to provide a complete rent history, the Division of Housing and Community Renewal (DHCR) determined the rent pursuant to a tripartite test and ultimately found that the owner owed the tenant a $6,441.01 refund.

The owner commenced an article 78 proceeding challenging the base rent calculation. The petition was denied by the IAS court.

As we have previously held, the DHCR's requirement that owners submit complete rental histories for rent overcharge complaints filed prior to April 1, 1984 is rational and in accord with the legislative intent. *(See, Matter of Lavanant v State Div. of Hous. & Community Renewal,* 148 AD2d 185; *see also,* Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [4].) Moreover, the tripartite test used to determine the proper stabilized rent is reasonable. *(See, e.g., Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd.,* 65 NY2d 898.)

We have considered all other claims and find them to be meritless. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.